

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Woodrow Curtis
County Attorney
Frio County
Pearsall, Texas

Dear Sir:

Opinion No. 0-1041
Re: Can Mr. Beck qualify as a
resident of Frio County
under Article 667, Penal
Code?

Your request for an opinion on the above stated
question has been received by this office.

Your letter reads in part as follows:

"Mr. T. E. Beck of Pearsall, Texas,
has filed an application for beer license
June 24, 1939, and is qualified in every
way except as to his residence.

"* * * * *

"Mr. Beck's wife lives in Bexar County,
Texas. However, he owns, operates and con-
trols the Southland Cafe in Pearsall, Frio
County, Texas, and has so done since Feb-
ruary, 1938. He spends quite a lot of time
in Pearsall in the management of this cafe,
and he is desirous of having his application
approved.

"Can he qualify as a resident of Frio
County under Article 667, P. C., paragraph 5,
which governs said application in regard to
his residence? I am of the opinion that this
business homestead would qualify Mr. Beck



Honorable Woodrow Curtis, Page 2

under Article 667, P. C., paragraph 5."

Article 667-5 of the Penal Code reads as follows:

"Any person desiring a license as manu-
facturer, distributor, or retail dealer may
in vacation or in term time file a petition
with the County Judge of the county in which
the applicant desires to engage in such busi-
ness which petition shall state as follows:
If a manufacturer: (1) That he is a law-
abiding, taxpaying citizen of this State,
over twenty-one (21) years of age; that he
has been a resident of the county wherein
such license is sought for a period of more
than one year next preceding the filing of
such petition; and that he has not been con-
victed of a felony within two (2) years im-
mediately preceding the filing of such peti-
tion.

(2) If a co-partnership, that all individuals
have the same qualifications provided in para-
graph (1) above.

(3) If a corporation, that applicant is
organized and chartered under, and has com-
plied with, all corporation laws of this State
applicable to such corporation, that the prin-cipal
place of business is in the county where such
license is sought, and the president and manager
shall make an affidavit that he possesses all
qualifications provided in paragraph (1) above.

If a distributor, general or local:

(1) Applicant shall give the same informa-
tion required of a manufacturer including the
place or places where his business shall be
transacted, and the county or counties where
his sales are to be made.

If a retailer:

(1) The same information required of the

manufacturer.

(2) The correct address of premises to be used by the applicant for the sale of beer, and whether he desires to sell beer for consumption on or off the premises.

(3) He shall enumerate the kinds of business in which he is engaged or in which he intends to engage on the licensed premises and other premises under his control of which the licensed premises is a part.

(4) That applicant has no financial interest in any establishment authorized to sell distilled spirits.

(5) That no person engaged in the business of selling distilled spirits has any financial interest in the business to be conducted under the license sought by the applicant.

(6) That he has not had any interest in any license to sell beer which license has been cancelled or revoked within the twelve (12) month next preceding the date of the present application for license.

(7) That he is not residenced or domiciled with any person who has any financial interest with any establishment engaged in the business of selling distilled spirits, or any person in whose name any license has been cancelled or revoked within the twelve (12) month preceding the present license.

(8) If applicant for retailer's license is a corporation, application shall show that the president or manager thereof has been a resident of the county wherein the license is sought for more than one year next preceding the date of the application and that no officer of the corporation is disqualified in any other manner that would prevent him from holding such license in his own name."

Article 667-5, Penal Code, supra, specifically provides that the applicant must have been a resident of the county wherein such license is sought for a period of more than one year next preceding the filing of such petition.

Naturally, the question arises as to the legal meaning of the term or word "resident". As used in some statutes, the term "resident" and "domicile" have the same meaning; in others they have not. See the cases of Pittsburg Water Heater Co. v. Sullivan, 282 S. W. 576 and Halverson v. Livengood, 4 S. W. (2d) 588. Texas Jurisprudence, Vol. 15, p. 7-11.

We quote from Corpus Juris, Vol 19, p. 397, as follows:

"Generally, where a statute prescribed residence as a qualification for the enjoyment of a privilege, or the exercise of a franchise, and/or whenever the terms are used in connection with subjects of domestic policy, domicile and residence are equivalent. Statutory construction acts sometimes affect the question."

In Volume 54, p. 708, Corpus Juris, we find the following definition:

"The best definition is that to be deducted from the Roman Law; that a man's residence is the place where his family dwells or which he makes the chief seat of his affairs and interest. Residence is the favorite term employed in the statutes to express the connection between person and place. The meaning when employed in a statute is often provocative of dispute, often making it difficult to give an exact definition of what is meant by residence as used in particular statutes, for when used in statutes it has different meanings in different connections, and may be used with different meanings in different statutes, and also, it sometimes has different shades of meaning in the statutes and even in the construction. An examination of the authorities discloses that it has received dif-

Honorable Woodrow Curtis, Page 5

ferent definitions in various cases, principally involving franchise, taxation, and jurisdiction. As its statutory definition depends upon the legislative purpose as well as the context of the statute it must be construed in every case in accordance with the object and intent of the statute in which it occurs; hence its meaning is to be determined from the facts and circumstances taken together in each particular case. However, it is said that when used in the statutes, or actions, or suits relating to taxation, rights of suffrage, divorce, limitation of actions, and the like, it is used in the sense of legal residence, that is to say, place of domicile or permanent abode."

In view of the foregoing authorities and the facts stated in your inquiry, you are respectfully advised that it is the opinion of this department that Mr. Beck cannot qualify as a resident of Frio County under Article 667-5 of the Penal Code.

Trusting that the foregoing answers your inquiry, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Ardell Willi——

Ardell Williams
Assistant

APPROVED JUL 6, 1939

AW:RS

FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED
OPINION
COMMITTEE
BY ____
CHAIRMAN